United States District Court
for the
Southern District of Florida

| Jackson Raul Hernandez Navarro, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-cv-61956-Civ-Scola |
| | ) | |
| Juan Agudelo, Jim Martin, Thomas Homan, Kirsten M. Nielson, Jefferson B. Sessions, Respondents. | ) | |

### **Order Dismissing Case**

On August 21, 2018, the Petitioner, Jackson Raul Hernandez Navarro ("Navarro"), filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition," ECF No. 1). Navarro is a citizen of El Salvador who entered the United States by foot on June 15, 2018, when he was 17 years old. (*Id.* at ¶¶ 1, 5, 27.) He was taken into of the custody of the United States Department of Health and Human Services Office of Refugee Resettlement until his eighteenth birthday, at which point he was transferred to the Broward Transitional Center under the supervision of the United States Immigration and Customs Enforcement ("ICE"). (*Id.* at ¶¶ 6, 7.)

The Petition requests the Court to "remedy [Navarro's] continued unlawful detention by Respondents" at the Broward Transitional Center. (*Id.* at 1.) Specifically, Navarro asserts two counts under the Administrative Procedure Act, 5 U.S.C. § 706, and a claim for violations of his Fifth Amendment due process rights. (ECF No. 1 at ¶¶ 46-69.) The Petition seeks Navarro's release from custody pending final resolution of this case, and an order requiring ICE to comply in 8 U.S.C. §1232(c)(2)(B) by making Navarro eligible to participate in non-detention programs and considering placing Navarro in the "least restrictive" detention setting available. (ECF No. 1 at pp. 16-17.)

On August 22, 2018, Magistrate Judge Lurana Snow ordered the Respondents to file an expedited response to the Petition. (ECF No. 4.) The Respondents responded on September 4, 2018, notifying the Court that Navarro was released from ICE custody on August 15, 2018, six days before he filed the instant Petition. (ECF No. 8.) The Order of Release on Recognizance attached to the response indicates that Navarro's "release [was] contingent upon [his] enrollment and successful participation in an Alternatives to Detention (ATD) program." (ECF No. 8-1 at 4.) Thus, the Respondents request the Court to dismiss the Petition as moot. (*Id.*) Over a month has passed, and

the Petitioner has not responded or otherwise opposed this suggestion of mootness.

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). "The doctrine of mootness derives directly from the case-or-controversy limitation," and a "case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Troiano v. Supervisor of Elections in Palm Beach Cty., Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004) (quoting *Al Najjar*, 273 F.3d at 1335-36). Mootness is described as the doctrine of standing set in time, *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000), and federal courts have a continuing obligation to ensure that "events occurring subsequent to the filing of a lawsuit" do not render the claims before it moot. *Id.* at 1282 (noting that "[a]ny decision on the merits of a moot case or issue would be an impermissible advisory opinion"). Yet, where events occurring prior to the initiation of a lawsuit deprive a court of the ability to afford meaningful relief, a live case and controversy failed to exist at the time of filing and the plaintiff lacked Article III standing to bring its claims in the first instance. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998).

While the Respondents are correct that no jurisdiction exists in this case, the Court dismisses this case on standing grounds, not mootness. At the time of filing, the Respondents had already released Navarro on his own recognizance, meaning he was no longer detained, thus depriving him of a cognizable future injury. Further, the Court finds that the requested injunctions would not provide Navarro meaningful relief in light of his release and enrollment in an alternatives to detention program.

Accordingly, the Court **dismisses** this case without prejudice for lack of jurisdiction. *Steel Co.*, 523 U.S. at 109-10. The Clerk is directed to **close** this case. All pending motions, if any, are denied as moot.

**Done and ordered** in chambers, in Miami, Florida on October 9, 2018.

_____
Robert N. Scola, Jr.
United States District Judge